UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
(Columbus Division)

| | |
|---|---|
| RITA KINKELAAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>　　　　Defendant. | Case No.:<br><br><br>**COMPLAINT with Jury Demand** |

　　NOW COMES, Plaintiff, RITA KINKELAAR, by and through her attorneys, and hereby brings this Complaint against Defendant, JPMORGAN CHASE BANK, N.A., alleging as follows:

　　1.　Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA").

## JURISDICTION AND VENUE

　2.　Since Defendant has its principal place of business in the state of Ohio, this Honorable Court has personal jurisdiction over Defendant.

　3.　Subject-matter jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

　4.　Venue is proper in the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C §1391(b)(1), as the defendant has its principal place of business in Columbus, Ohio.

## PARTIES

　5.　Plaintiff is a natural person residing in the Windham County, in the city of Guilford,

Vermont and is *sui juris*.

6. Defendant is a nationally chartered bank doing business in the state of Vermont, with its principal place of business in Columbus, Ohio.

7. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

8. Defendant is a "person" as defined by 47 U.S.C. § 153 (10).

9. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

10. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (802) 258-71XX.

11. Defendant placed collection calls to Plaintiff from various phone numbers including, but not limited to (847) 426-9203 and (847) 426-9209.

12. Per its prior business practices, Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

13. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, RITA KINKELAAR.

14. Defendant's automated calls to Plaintiff were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

15. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

16. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

17. On or about October 18, 2017, Plaintiff called Defendant's company at phone number (847) 426-9203 and spoke with Defendant's male representative who identified himself as "M360780" and requested that Defendant cease calling Plaintiff's cellular phone.

18. During the conversation, Plaintiff gave Defendant both her phone number and social security number to assist Defendant in identifying her and accessing her accounts before asking Defendant to stop calling her cellular telephone.

19. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on October 18, 2017.

20. Despite Plaintiff's request to cease, Defendant continued to place collection calls to Plaintiff on October 19, 2017.

21. Defendant continued to place collection calls to Plaintiff, at least, through March 2018.

22. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least one hundred sixty-eight (168) automated calls to Plaintiff's cellular phone.

### COUNT I - NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT  47 U.S.C. § 227

23. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

25. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

26. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

### COUNT II -  KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 et. seq.

27. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

28. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

29. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

30. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, RITA KINKELAAR, respectfully requests judgment be entered against Defendant, JPMORGAN CHASE BANK, N.A., for the following:

### COUNT I

a. Awarding Plaintiff statutory damages of $500.00 multiplied by the number of TCPA *negligent* violations alleged herein: one hundred sixty-eight (168) for a total of $84,000.00; and

b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial.

### COUNT II

a. Awarding Plaintiff statutory damages of $1,500.00 multiplied by the number of TCPA *willful* violations alleged herein: one hundred sixty-eight (168) for a total of $252,000.00; and

    b.  Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial.

## JURY TRIAL DEMAND

31. Plaintiff demands a jury trial on all issues so triable.

                                **Respectfully submitted by,**

DATED: July 12, 2018        By: ***/s/ Peter Cozmyk***
                                           Peter Cozmyk
                                           Attorney for Plaintiff
                                           COZMYK LAW OFFICES, LLC
                                           6100 Oak Tree Blvd., Ste. 200
                                           Independence, OH 44131
                                           P: (877) 570-4440
                                           F: (216) 485-2125
                                           E: Pcozmyk@cozmyklaw.com

                                         By: ***/s/ Carlos C. Alsina***
                                           Carlos C. Alsina-Batista
                                           Attorney for Plaintiff
                                           The Law Offices of Jeffrey Lohman, P.C
                                           4740 Green River Rd., Ste 206
                                           Corona, CA 92880
                                           T: (866) 329-9217 Ext. 1008
                                           F: (657) 246-1311
                                           E: CarlosA@jlohman.com
                                           *Pro hac vice* application to follow